UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RAVI S. RAMANATHAN, as trustee of the RAMANATHAN FAMILY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL COMPANY AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2004, SECURITIZATION ASSET BACKED RECEIVABLES LLC TRUST 2004-NC-1 WITHOUT RECOURSE; THE BANK OF NEW YORK MELLON AS TRUSTEE FOR CWABS, INC. ASSET BACKED CERTIFICATES, SERIES 2005-4; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02009-APG-EJY<br><br>**ORDER** |
| THE BANK OF NEW YORK MELLON AS TRUSTEE FOR CWABS, INC. ASSET BACKED CERTIFICATES, SERIES 2005-4,<br><br>Counterclaimant,<br><br>v.<br><br>RAVI S. RAMANATHAN, as trustee of the RAMANATHAN FAMILY TRUST,<br><br>Counterdefendant. | |

Before the Court is Defendant Bank of New York Mellon ("BNY") as Trustee for CWABS, Inc. Asset Backed Certificates, Series 2005-4 Motion for Leave to File Amended Answer to Complaint and Counterclaim ("BNY's Motion"). ECF No. 19. No response to BNY's Motion was filed.

BNY explains that "[a]s the parties litigate the underlying issues regarding the Deed of Trust, such litigation will continue to delay the ultimate resolution of the default." *Id*. at 2. BNY further

1

contends that adding the counterclaim for judicial foreclosure at this time will be efficient because it will allow all issues pertaining to BNY's Deed of Trust to be decided in one rather than multiple lawsuits. *Id*. at 4. BNY establishes that the request is timely under the scheduling order governing this matter, there is no evidence of bad faith or dilatory motive, and that allowing amendment will "ensure this case may be fully evaluated on its merits." *Id*. (citation omitted).

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs courts to freely grant motions to amend "when justice so requires." Ordinarily, the Court must consider whether the party moving to amend has engaged in "undue delay, bad faith or [presents a] dilatory motive . . . ." *Branch Banking and Trust Comp. v. Sossaman & Gaudalupe Plaza, LLC*, Case No. 2:12-cv-01775-GMN-PAL, 2013 WL 5774130, at *2 (D. Nev. Oct. 24, 2013) (citation omitted). Here, of course, there is no opposition to BNY's Motion, and the Court finds no evidence of any fact that militates against granting the Motion.

Accordingly, IT IS HEREBY ORDERED that Defendant Bank of New York Mellon as Trustee for CWABS, Inc. Asset Backed Certificates, Series 2005-4 Motion for Leave to File Amended Answer to Complaint and Counterclaim, ECF No. 19, is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall separate Exhibit 1 from ECF No. 19 (ECF No. 19-1) and file the same.

IT IS FURTHER ORDERED that Plaintiff shall have ten (10) days to file his responsive pleading to the Amended Answer to Complaint and Counterclaim.

Dated this 11th day of May, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2