UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAVIS S. RAMANATHAN, as trustee of the RAMANATHAN FAMILY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL COMPANY AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2004, SECURITIZATION ASSET BACKED RECEIVABLES LLC TRUST 2004-NC-1 WITHOUT RECOURSE; THE BANK OF NEW YORK MELLON AS TRUSTEE FOR CWABS, INC. ASSET BACKED CERTIFICATES, SERIES 2005-4; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:19-cv-002009-APG-EJY<br><br><br><br>**ORDER** |

Before the Court is Bank of New York's Motion to Extend August 3, 2020 Discovery Deadline (ECF No. 28). The Court has reviewed the Motion and Plaintiff/Counter-Defendant Ravi Ramanathan, Trustee of the Ramanathan Family Trust's Response[1] (ECF No. 29). Through its Motion, Bank of New York seeks a 90 day extension of time to complete discovery arising from Plaintiff's First Supplemental Disclosure of Documents and Witnesses made on July 6, 2020. ECF No. 28 at 2-3. This is the first request for an extension of the discovery deadline made by either party.

Bank of New York states that Ramanathan's disclosure included the names of eight individuals as those who may appear as witnesses for Plaintiff in this matter. *Id*. at 3. Bank of New York states that it must have time to investigate the knowledge of these witnesses. *Id.* Ramanathan states that the witnesses have been known to Bank of New York from the beginning of the litigation or that these newly named individuals do not "have information that materially affects the dispositive

---

[1]   Ravi Ramanathan, Trustee of the Ramanathan Family Trust shall be referred to herein as "Ramanathan."

1

1  issues in this case." ECF No. 29 at 3. Ramanathan further states that the names of all of the
2  entities/individuals disclosed appear in documents in Bank of New York's possession. *Id*. at 4. With
3  respect to individuals disclosed, Ramanathan states that they either did upkeep for or were renters of
4  the property at issue. *Id*.

5        United States District Court for the District of Nevada Local Rule 26-3 states, in relevant
6  part, that a request to extend discovery deadlines made "within 21 days of the subject deadline must
7  be supported by a showing of good cause." Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires
8  a party to disclose "the name and, if known, the address and telephone number of each individual
9  likely to have discoverable information … that the disclosing party may use to support its claims or
10 defenses... ." Rule 37(c)(1) provides, "[i]f a party fails to provide information or identify a witness
11 as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply
12 evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is
13 harmless." As stated in *Wallace v. U.S.A.A.*, 862 F.Supp.2d 1062, 1065 (D. Nev. 2012), "[t]he mere
14 appearance of … names within documents disclosed … is plainly insufficient to [meet] the
15 requirements of Rule 26 for identifying potential witnesses." Here, given Ramanathan's disclosure
16 of eight new names in its first supplement to initial disclosures pursuant to Fed. R. Civ. P. 26(a) on
17 July 6, 2020, which turned names appearing in documents into potential witnesses, there is good
18 cause for the extension Bank of New York seeks.[2]

19       Accordingly,

20       IT IS HEREBY ORDERED that Bank of New York's Motion to Extend August 3, 2020
21 Discovery Deadline (ECF No. 28) is GRANTED in part and DENIED in part as follows:

22       • The discovery deadline is extended for 60 days from August 3, 2020 to October 2, 2020;

---

[2] Ramanathan argues that discovery should not be extended because "there is no information that Defendant can ascertain through depositions of the eight new [sic] disclosed witnesses that has not already been disclosed through the best evidence of their written documents." ECF No. 29 at 6. The Court understands that the names of these individuals have or may have appeared in documents previously produced by Ramanathan. There is no argument by either party regarding whether such documents are or may be admissible. Nonetheless, as stated, the appearance of names in documents does not turn individuals into potential witnesses. Moreover, if, as Ramanathan states, these individuals will not "even marginally effect the issues at stake in this litigation" (*id*.), then it is unclear why they were disclosed. Ramanathan having chosen to identify these individuals as potential witnesses less than a month before the close of discovery gave Bank of New York limited ability to take depositions if it chose to do so.

- Discovery is extended solely for the purpose of allowing Bank of New York to take the depositions of one or more of Ramanathan's eight witnesses disclosed on July 6, 2020. No other discovery shall be permitted during this extension absent agreement of the parties or order of the Court;
- The dispositive motion deadline is extended to November 2, 2020;
- The Pretrial Order Deadline is extended to December 2, 2020; provided, however, that if one or more dispositive motion is filed, this deadline shall be automatically extended to 30 days after an order on such motion(s) is issued by the Court.

Except as stated above, Bank of New York's Motion is DENIED.

Dated this 27th day of July, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3